## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THOMAS J. LINCOLN,
Individually and on Behalf of All
Other Persons Similarly Situated

       Plaintiff,

v.                             No. CIV 02-738 LH/ACT

HARTFORD FIRE INSURANCE
COMPANY,

       Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER COMES before the Court on Plaintiff Thomas J. Lincoln's Motion to Compel Production of Documents, Answers to Interrogatories and for Appropriate Sanctions (Doc. No. 75). Defendant has responded to the Requests for Production and the Interrogatories in part and has interposed its objections to the remainder of the Requests and Interrogatories. Having reviewed the moving papers, the Requests for Production, and the Interrogatories, the Court finds the Motion to Compel will be granted in part and denied in part. The Motion for Appropriate Sanctions is denied.

The Plaintiff and the opt-in Plaintiffs Richard Terrazas, Robert Tinsley and Bobby Hicks seek to establish that they were denied overtime pay in their respective positions as Automobile Service Representatives (ASR's) while they were in the employment of the Defendant Hartford Fire Insurance Company. Plaintiffs are alleging violations of the Fair Labor Standards Act and are

asking for overtime pay from June 25, 1999 to the present for those hours which they worked in excess of forty hours a week.

<u>Interrogatories Nos. 2, 4, 5 and 10; Requests for Production Nos. 1, 6, 7, 12 and 13</u>

The United States Department of Labor (DOL) conducted an investigation into the ASR position at Hartford Fire in late 1999 and early 2000. The investigation was resolved by an informal settlement whereby DOL and Hartford Fire agreed that the settling of the investigation was not evidence of violation of the Fair Labor Standards Act. The DOL did not require Hartford Fire to re-classify the position of ASR or require Hartford Fire to begin paying ASR's overtime pay. Plaintiff has obtained, through the Freedom of Information Act, the DOL file on the investigation and settlement.

Plaintiff's Interrogatory No. 2 states "Please identify and explain any investigation or audit conducted by the U.S. Department of Labor ("DOL") that dealt with the ASR position in the last ten years." Hartford Fire identified the investigation but objected that the interrogatory was not reasonably calculated to lead to the discovery of admissible evidence, that the word "explain" was vague and that the interrogatory seeks information well beyond the date for which relief is sought in the Complaint, June 25, 1999 to the present.

Federal Rule of Evidence 408 states that evidence of a compromise of a disputed claim is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations are likewise not admissible. However, this Rule is meant only to limit introduction of evidence at trial in order to foster settlement negotiations. It is not meant to be construed as a broad discovery privilege. *NAACP Legal Defense Fund v.*

2

*United States Dept. of Justice*, 612 F. Supp. 1143, 1146 ( D.D.C. 1985).  Jack Weinstein &

Margaret Berger, *Weinstein's Federal Evidence*, §408.07 ( 2d ed. 2003).  Plaintiff contends that

the DOL investigation and settlement is relevant to show that the DOL had investigated the

exempt status of the ASR position, the reason for the investigation and the outcome of the

investigation.  Plaintiff further contends that this information would tend to show Hartford Fire's

knowledge of the dispute and its good faith or lack thereof.

　　　Defendant has argued forcefully that the settlement negotiations should not be

discoverable due to the policies inherent in Federal Rule of Evidence 408.   In *Cook v. Yellow*

*Freight System*, 132 F.R.D. 548, 554 (E.D.Cal. 1990), for example, the court reasoned that

settlement negotiations in a monetary dispute could include instances of puffing and posturing,

including facts that were assumed to be true for purposes of the negotiations.  Such evidence

would not necessarily be reliable and could be highly misleading if relied on at a later date.

However, in this situation where a government agency has investigated whether ASR employees

at Hartford Fire are subject to the laws concerning overtime pay, the arguments concerning the

lack of  reliability and truthfulness are not persuasive.  Neither party in the investigation would

have had the incentive to puff or posture as they would in a monetary dispute as in *Cook v. Yellow*

*Freight, supra.*  By contrast, the materials produced by both the DOL and Hartford Fire during

the course of the investigation may be both relevant and reliable and could reasonably lead to the

discovery of admissible evidence.

　　　The Plaintiff's Motion to Compel an answer to Interrogatory No. 2 is granted with the

following restrictions: 1) "explain" means a general summary of the investigation subject to

assertions of the attorney-client privilege or work product privilege, 2) information on

investigations or audits is limited to the time period for which damages are requested, June, 1999 to the present, and 3) a privilege log will be submitted with the answer as to any information that is alleged to be subject to the attorney-client or the work product privilege.

Interrogatory No. 4 states "Please identify all conversations, the date and content, between David R. Jimenez and any representative of the DOL regarding the audit or investigation identified in Interrogatory No. 2."  Mr. Jimenez was apparently in house legal counsel for Hartford Fire.  Defendant objected stating that settlement negotiations are privileged. Nevertheless, Defendant identified two series of conversations, one on October 27, 1999 and one in March, 2000 during which Mr. Jimenez was present or participated.

The conference on October 27, 1999 was part of the DOL investigation and is discoverable subject to the attorney-client privilege or work product privilege.  The settlement negotiations are relevant to show the positions of the two entities on the exempt status of ASR's. The negotiations may also lead to the discovery of admissible evidence.  The contents of Mr. Jimenez's conversations with the DOL, especially those conversations which occurred during the negotiation settlements, may be subject to the work product privilege or the attorney-client privilege.  "The work product privilege is intended to prevent a litigant from taking a free ride on the research and thinking of his opponent's lawyer and to avoid the resulting deterrent to a lawyer's committing his thoughts to paper." *Cason v. Builders First Source - Southeast Group, Inc.*, 159 F. Supp.2d 242 (W.D.N.C. 2001).   The Motion to Compel an Answer to Interrogatory No. 4 is granted.  A privilege log will be submitted with the answer as to any information that is alleged to be subject to the attorney-client or the work product privilege.

Interrogatory No. 5 states "Please identify any and all conversations, the date and content

4

between representatives of Hartford, the media or representatives of the DOL and Cynthia Michener regarding the audit or investigation identified in Interrogatory No. 2." Defendant objects that any such conversations would not be relevant or reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, Defendant asserts that no conversations existed. Therefore, the Motion to Compel is moot as to this Interrogatory.

Interrogatory No. 10 states "Identify all ASRs who received payments from the Hartford as a result of the audit conducted by the DOL of ASR positions, the amounts paid to each, the method of calculation of each payment, the date of payment and the reason for each payment." Defendant objects to the Interrogatory as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff argues that this information is relevant because it would show which individuals were affected by the investigation conducted by the DOL and whether any monetary settlement resulted from the DOL investigation. The Court finds the Plaintiff's arguments do not support the broad inquiry of this Interrogatory. The Plaintiff should be able to determine who was affected by the DOL investigation from the Answers received from Interrogatories 2, 3 and 4, the documents received from the Requests for Production Nos. 1, 3 and 12, and the internal file received from the DOL. Whether a settlement was paid to any individual and the number of payments made by Hartford Fire could be relevant to show knowledge of the underlying dispute or Hartford's good faith in making its determination that ASR's were exempt from overtime pay provisions. The Motion to Compel is granted, therefore, with the following limitations: Hartford Fire will answer whether any monetary settlements were paid to any ASR's as a result of the 1999-2000 DOL audit. If any settlements were paid, Hartford Fire is directed to state how many payments were made to

5

individuals.  Hartford Fire need not disclose the amounts of any settlements at this time.

Request for Production No. 1 states " "Please produce all documents including but not limited to all notes, internal memoranda,  tape recordings, video tapes, and correspondence regarding any DOL audit or investigation conducted in the last ten years."  Defendant objects to the request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  The only DOL investigation into the issue of whether ASR's were exempt from overtime pay was the one which occurred in late 1999 and early 2000. The investigation is relevant or could lead to the discovery of admissible evidence.  Therefore, the notes, internal memoranda, recordings, videos and correspondence regarding the DOL investigation would also be relevant.  If any of the documents are subject to the attorney-client privilege or work product privilege, a privilege log will need to be provided..  The Motion to Compel the Request for Production No. 1 is granted with the limitation that it only refers to the DOL investigation of 1999-2000.

Request for Production No. 6 states "Please produce all documents responsive to Interrogatory Nos. 4, 5, 6 and 10."  Interrogatory No. 6 is not at issue and No. 5 is moot.  The other interrogatories have been addressed in this Memorandum Opinion.  The Motion to Compel the Request for Production No. 6 is granted as it pertains to Interrogatory No. 4 and denied as it pertains to No. 10.

Request for Production No. 7 states "Please produce any and all documents created or produced relating to the exempt status of the ASR position."   Defendant objects to this Request as vague, overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  The Court agrees that this Request is vague, overbroad and

unduly burdensome.  The Requests for Production Nos. 1 and 12 are adequate to allow the Plaintiff to obtain the relevant documents.  The Motion to Compel the Request for Production No. 7 is denied.

Request for Production No. 12 states "Please produce all documents provided to the DOL in connection with any audit of ASR position conducted at any time within the past five years." Defendant objects to the Request as overbroad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and part of privileged settlement negotiations.  Notwithstanding their objections, Defendant has agreed to make available seven affidavits generated by Hartford Fire employees in March of 2000.

Plaintiff already has the DOL documents from the investigation in response to their Freedom of Information Act request.  Plaintiff is apparently seeking the remainder of the file from Hartford Fire.  The seven affidavits are only partly responsive to the Request for Production.  The Motion to Compel Request for Production No. 12 is granted with respect to the portion of the file not received from DOL . A privilege log will be submitted as to any documents alleged to be subject to the attorney-client or the work product privilege.

Request for Production No. 13 states " Please produce all documents from the  DOL to Hartford regarding any audit of the ASR position conducted at any time in the past five years.". Plaintiff already has the DOL file and therefore, should have all the documents generated by DOL. The Defendant need not respond and the Motion to Compel Request No. 13  is denied.

<u>Interrogatory No. 7 and Request for Production No. 8</u>

Interrogatory No. 7 states "Please identify any and all internal complaints made in the last

five years by ASR's in either verbal or written form about the amount of work required to be performed, the hours involved, and/or the pay involved."  Defendant objects to this interrogatory as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to the extent that it seeks confidential personnel or business proprietary information.

The Court finds that the Interrogatory is overbroad in two respects - the time frame of five years and the scope of the complaints involved.  The Defendant has offered to respond by limiting the complaints to the time frame involved in this lawsuit.  Defendant has offered to provide 1) internal complaints made by ASR's about working overtime without properly being paid, 2) complaints made by ASR's about being improperly classified as exempt employees, and 3) complaints that Hartford Fire was violating the FLSA in the way ASR's were being paid or classified.  Hartford Fire has also forwarded a protective order to the Plaintiff which should resolve the concern about personnel or proprietary business information.  The Court finds that this offered response by the Defendant to Interrogatory No. 7 is adequate and responsive.  The Plaintiff's Motion to Compel beyond what the Defendant has offered to respond is denied.

Request for Production No. 8 states "Please produce any and all documents relied upon to answer or that contain information relation to the answer in Interrogatory No. 7."  The Motion to Compel the Request for Production No. 8 is also denied because of the adequate response offered by the Defendant.

Request for Production No. 9 and Interrogatory No. 9

Request for Production No. 9 states "Please produce a list of the names, addresses,

telephone numbers, and social security numbers of all individuals employed as ASRs from June 24, 1999 to present, their dates of employment, the city in which they were employed, and the job classifications in which they were employed (if employed in other classifications than ASR)." Interrogatory No. 9 states " Please identity the individual(s) responsible for supervising ASRs nationwide in the last five years, their job classifications, their dates of employment, and the region in which they worked."  Defendant objects to both the Request and the Interrogatory arguing that they are overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further explains that the Interrogatory is overbroad in that it asks for information beyond the time scope of this lawsuit and pertaining to individuals who are not parties or have no relationship to the parties.

The FLSA permits employees to bring a representative action for overtime pay on their own behalf and on behalf of all similarly situated employees. 29 U.S.C. §216(b).  The potential plaintiffs must "opt in" and affirmatively notice the Court of their intention to join the lawsuit. *Sperling v. Hoffman-LaRoche, Inc.*, 862 F. 2d 139, 444 (3d Cir. 1988), aff'd. 493 U.S. 165 (1989); *Felix de Asencio v. Tyson Foods*, 130 F. Supp.2d 660 (E.D. Pa. 2001).  The question of which employees are similarly situated is a factual issue.  *Felix de Asencio, supra*, at 661-662.

At the present time three persons have opted in as plaintiffs.  A Motion to Determine the Scope of the Potential Class, including a request by the Plaintiff to compel the production of the names, addresses, phone numbers and social security numbers of ASR's who are employed by the Defendant is pending in this case.  (Doc. No. 13).  The subject matter of the Request for Production No. 9 is the very issue pending in the Motion to Determine the Scope of the Potential Class.  The Request for Production No. 9 is premature at this time and the Motion to Compel is

9

denied at this time.

The issue of identifying the supervisors of the ASR's in the entire company is closely related to the issue of the potential preliminary class and the issue of which ASR's would be eligible to opt-in as plaintiffs.  The class may be nationwide in its scope or it may be limited to the ASR's working in one or two branch offices.  The supervisors involved likewise could number in the dozens or be limited to one or two individuals.  The Court find that it would be unduly burdensome at this time to require the Defendant to identify all the personnel who have supervised ASR's nationwide until the potential class of similarly situated ASR's is determined.  Therefore, the Motion to Compel an answer to Interrogatory No. 9 is denied at this time.

<u>Requests for Production Nos. 2, 10 and 11</u>

Request for Production No. 2 states "Please produce all employee handbooks, manuals, or other written procedures applicable to Automobile Service Representatives that were in effect during the last four years."   Request for Production No. 10 states " Please produce any documents relied upon to answer Interrogatory No. 8 or any organizational charts for the department or division in which ASRs were employed outlining the management/supervisory structure and individuals in those positions."  (Interrogatory No. 8 asked for the name of the individual responsible for determining that the ASR position is exempt under the Fair Labor Standards Act.)  Request for Production No. 11 states " Please produce any ASR Best Practices manuals, including any revised manuals, distributed to ASRs in the past five years."

Defendant objects to these Requests as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further

objects to the Requests as requesting information that is confidential or proprietary business information.  Nevertheless, Defendant has agreed to produce the documents in question or make them available for inspection 1) if they pertain to one of the four Plaintiffs, and 2) if the document pertains to the time of employment of one of the four Plaintiffs and the time of the lawsuit, and 3) the documents are subject to a protective order.  Plaintiff argues that the manuals and handbooks are necessary to determine if in fact the ASR's nationwide perform similar duties. Again, the Plaintiff's argument pertains to his pending Motion to Determine the Scope of the Potential Class. Until the potential class is determined the Court finds that these Requests are premature.  The Defendant's offered response is adequate at this time.  The Court also finds that the documents should be subject to a Protective order.  The Plaintiff's Motion to Compel the Requests for Production Nos. 2, 10 and 11 is denied beyond what the Defendant has offered to produce.

Request for Production No. 4

Request for Production No. 4 states " Please produce all investigation reports prepared by Hartford or on its behalf which relate to the exempt status of ASRs within the past five years." Defendant objects to the Request as vague, overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, Defendant asserts that it prepared no investigative reports with regard to the DOL audit.  The Motion to Compel is moot at this point, unless Hartford Fire determines that there are other investigation reports in its possession which should be brought to the attention of the Court.

CONCLUSION

The Court's Order is summarized as follows:

Motion to Compel an Answer to Interrogatory No. 2 - GRANTED with restrictions

Motion to Compel an Answer to Interrogatory No. 4 - GRANTED subject to the assertions of attorney-client privilege or work-product privilege

Motion to Compel an Answer to Interrogatory No. 5 - MOOT

Motion to Compel an Answer to Interrogatory No. 10 - GRANTED with limitations

Motion to Compel the Request for Production No. 1 - GRANTED but limited to the DOL investigation.

Motion to Compel the Request for Production No. 6 - GRANTED as it pertains to No. 4,

DENIED as it pertains to No. 10, MOOT as it pertains to Nos. 5 & 6.

Motion to Compel the Request for Production No. 7 - DENIED

Motion to Compel the Request for Production No. 12 - GRANTED subject to the assertions of attorney-client privilege and work-product privilege.

Motion to Compel the Request for Production No. 13 - DENIED

Motion to Compel an Answer to Interrogatory No. 7 - DENIED

Motion to Compel the Request for Production No. 8 - DENIED

Motion to Compel the Request for Production No. 9 - DENIED

Motion to Compel an Answer to Interrogatory No. 9 - DENIED

Motion to Compel the Request for Production No. 2 - DENIED

Motion to Compel the Request for Production No. 10 - DENIED

Motion to Compel the Request for Production No. 11 - DENIED

Motion to Compel the Request for Production No. 4 - MOOT

_____
UNITED STATES MAGISTRATE JUDGE