**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


THOMAS J. LINCOLN,
Individually and on Behalf of All
Other Persons Similarly Situated

       Plaintiff,

v.                                                    No. CIV 02-738 LH/ACT


HARTFORD FIRE INSURANCE
COMPANY,

       Defendant.


**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER COMES before the Court on a Motion by Defendant Hartford Fire Insurance Company to Compel Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents. (Doc. No. 73). Plaintiffs Lincoln, Hicks, Tinsley and Terrazas have interposed objections to Interrogatories Nos. 2, 4, 5, 9, 10, 11 and 14 and Requests for Production Nos. 3, 4, 7, and 9 - 23. Having reviewed the moving papers, the Interrogatories, Requests for Production, the responses and objections, the Court finds that the Motion to Compel will be GRANTED in part and DENIED in part.


<u>Interrogatory No. 2</u>

Interrogatory No. 2 asks for communications between the plaintiffs and any Hartford Fire manager or employee regarding the overtime issue. Plaintiffs related communications between

managers and themselves but not with fellow employees.  They object that such communication would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Upon information and belief, Plaintiffs allege that the Defendant is attempting to discover the names of coworkers to whom Plaintiffs have spoken.  Plaintiffs are concerned that this information may lead to adverse employment actions against their co-workers or that Hartford will discourage the co-workers from joining this lawsuit.

Any communications between Plaintiffs and co-workers about overtime hours could be relevant to show whether Plaintiffs were working more than forty hours a week.  Likewise, comments made in the presence of managers could be relevant to show whether Hartford Fire had notice that Plaintiffs were working more than forty hours a week.  If any co-workers suffer adverse employment actions or receive communications designed to discourage their participation in this lawsuit, those matters can be addressed through appropriate proceedings, if and when they occur. The Motion to Compel an answer to Interrogatory No. 2 is granted.

Interrogatory No. 4 and Request for Production No. 10

Interrogatory No. 4 asks for a description of the Plaintiffs' duties for each workweek covered in this lawsuit.  Request for Production No. 10 asks for documentation to support the weekly work activities.  Plaintiffs object that the information requested is overbroad and unduly burdensome.  Plaintiffs also object to the Request noting that they were not required to keep weekly time sheets. Nonetheless, all four Plaintiffs responded with a description of a typical day while working as ASR's.  Plaintiffs also submitted their monthly reports and other documentation in their possession.

2

Defendant has argued that, the determination of whether ASR's are exempt from the overtime laws is a week-by-week determination.  To the extent that Plaintiffs are able to recall and recreate their weekly duties for the last three years, Plaintiffs are directed to answer the Interrogatory as fully as possible.  To the extent Plaintiffs have documents in their possession which they have not yet submitted, they are ordered to comply with the Request for Production No. 10.  The Motion to Compel an answer to Interrogatory No. 4 is granted.  The Motion to Compel a response to Request for Production No. 10 is granted.

Interrogatory No. 5 and Request for Production No. 23

Interrogatory No. 5 asks the Plaintiffs to identify each week in which the Plaintiffs worked in excess of forty hours and to list the number of hours actually worked in that week. Request for Production No. 23 asks for documents reflecting the hours actually worked.   The Plaintiffs object to this Interrogatory and Request because they ask for information Plaintiffs were not required to keep, including time records.  Arguing that it was nearly impossible for them to remember the number of hours worked during each week in the three year period covered by this lawsuit, each Plaintiff provided a graph showing a reasonable estimate of the hours worked in excess of forty hours a week.  Defendant argues that since Plaintiffs are asking for overtime pay for each week in which they worked in excess of forty hours the determination of the alleged overtime hours is one of the core issues in this case.  Noting that Plaintiffs may have journals, calendars or other records that may assist the individual Plaintiffs in determining the hours worked each week, Defendant argues that Plaintiffs should be required to answer the interrogatory as fully as they are able and submit documents that would support their answers.  The Court agrees with the Defendant.  The

Motion to Compel an answer to Interrogatory No. 5 is granted.  The Motion to Compel a

response to the Request for Production No. 23 is granted.


Interrogatory No. 9 and Request for Production No. 9

Interrogatory No. 9 asks for an itemized list of the damages Plaintiffs are claiming along

with a list of documents referring to the damages and identification of other persons with

knowledge of these damages.  Request for Production No. 9 asks for all documentation referring

to the damages requested.  Plaintiffs interposed the same objections they had to Interrogatory No.

5, that they were not required to keep time sheets, and referred back to their answer to that

Interrogatory.   In addition, Plaintiffs state that some of the information requested is subject to the

attorney-client privilege or the work product privilege.

 Defendant repeats its argument in response to Interrogatory No. 5.  The damages

requested by the Plaintiffs are directly related to their best recollections of the hours worked.

Defendant should be able to discover any documentation that Plaintiffs may have to help support

their recollections or witnesses who would help to substantiate the Plaintiffs' recollections.  The

Motion to Compel an answer to Interrogatory No. 9 and the Motion to Compel a response to the

Request for Production No. 9 is granted.  If the requested documents are subject to the attorney-

client privilege or the work product privilege, Plaintiffs will submit a privilege log.


Interrogatory No. 10 and Request for Production No. 22

Interrogatory No. 10 asks Plaintiffs to identify all days which they did not work for any

number of reasons - sick days, vacation, personal leave.  Request for Production No. 22 asks for

4

documentation supporting the answer to this Interrogatory.  Plaintiffs object stating that Hartford Fire has its own records of days the four Plaintiffs did not work.  Hartford Fire argues that the Plaintiffs generally worked without supervision and that the monthly reports in its possession may not be entirely accurate.  Specifically, Defendant argues that one discrepancy has become apparent between a requested half day off and an actual day worked.  Defendant further argues that Plaintiffs may have documents in their possession that may assist them in determining which days they did not work.  Defendant argues that determining days off is relevant because overtime hours would be less likely to occur in a week in which a Plaintiff had taken one or more days off.

While not waiving their objections, Plaintiffs have responded in part with the monthly reports in their possession and copies of journals or calendars.  Plaintiffs object that the request for credit cards invoices or medical records is unwarranted.  However, Defendant did not request such personal information.  It suggested that receipts or medical records could be used to re-create vacation days or days that were taken as sick leave.  The identification of days which Plaintiffs did not work is information to which Defendant is entitled.  The Motion to Compel an answer to Interrogatory No. 10 and the Motion to Compel a response to the Request for Production No. 22 is granted.


Interrogatory No. 11

Interrogatory No. 11 asks the Plaintiffs to identify their trainings, certifications and licenses in the fields of insurance and auto physical damage.  Three of the Plaintiffs object that the interrogatory is overbroad and unduly burdensome but nonetheless provided certain responsive information.  Defendant argues that each Plaintiff's training and certification in the insurance field

5

or auto physical damage field is relevant to a plaintiff's exempt status under the Department of

Labor regulations.  Defendant is entitled to this information, including training or certifications

that Plaintiffs may have acquired before their employment at Hartford or outside their

employment at Hartford Fire.  The Motion to Compel an answer to Interrogatory No. 11 is

granted.


Interrogatory No. 14

Plaintiffs have now supplemented their answers to include more complete answers.  The

Motion to Compel an answer to Interrogatory No. 14 is moot.


Request for Production No.  3

Request for Production No. 3 asks for all time sheets and attendance records since January

1, 2000 concerning Plaintiffs' employment with Hartford Fire.  Plaintiffs object that they were not

required to keep time sheets while Defendant argues that the hours worked each week is a key

issue in this case.  As with Interrogatory No. 5, Plaintiffs are directed to submit documents

such as monthly reports or other documentation that may reflect time and attendance that

Plaintiffs have in their possession.  The Motion to Compel a response to the Request for

Production No. 3 is granted.


Request for Production No. 4

Request for Production No. 4 asks for all W-2's and 1099 tax forms for any work that

Plaintiffs did during this time, whether for Hartford Fire or another employer.  Plaintiffs object

that this evidence is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant argues that if any of the Plaintiffs worked part-time for another employer during this time, that this would be evidence which would tend to show that Plaintiffs were not available to work as many hours as they allege they worked. Without waiving their objections, Plaintiffs submitted all requested W-2's and 1099's. To the extent the Plaintiffs have not fully complied with this request, the Motion to Compel a response to Request for Production No. 4 is granted.

Request for Production Nos. 7 and 19

Request for Production No. 7 asks for all records reflecting compensation the Plaintiffs received from Hartford Fire during this time period. Request for Production No. 19 asks for all weekly pay stubs. Plaintiffs object that this information is in the Defendant's possession. Defendant argues that the information is relevant to the issues of the lawsuit. Nevertheless, Plaintiffs complied with the Requests to the extent they were able.

Fed. R. Civ. P. 26 (b) provides, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The fact that evidence is equally available to another party is generally not a bar to discovery. Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2014. However, the court shall limit such discovery if the discovery sought is unreasonably cumulative or is obtainable from some other source that is more convenient. Fed. R. Civ. P. 26 (b)(2)(i).

The Court finds that Requests for Production Nos. 7 and 19 are unreasonably cumulative, seeking the same information sought in Request for Production No. 4. Moreover, the

compensation records are obtainable from Hartford Fire's own records which are more convenient to the Defendant than the Plaintiffs' records.  The Motion to Compel a response to Requests for  Production Nos. 7 and 19 is denied.


Requests for Production Nos. 11- 13

Request for Production No. 11 asks for all documents created, received or reviewed by the Plaintiffs that discuss the issue of overtime pay to any auto service representative.  Request for Production No. 12 asks for all documents that discuss the issue of whether ASR's employed by Defendant were exempt from the overtime laws.  Request for Production No. 13 asks for all statements obtained from employees of Defendant that discuss the issue of overtime pay. Plaintiffs object that most of the documents requested are subject to either the attorney-client privilege or the work product privilege and submitted a privilege log with their responses.  The Defendant has not objected to the privilege log.  Despite their objections, Plaintiffs produced various documents - e-mails, affidavits, letters, a survey, a response to a Hartford Fire memo and a DOL report.

Defendant argues that such evidence could be relevant to the issue of Hartford Fire's knowledge that Plaintiffs were working more than forty hours a week or could be an admission against interest if the documents showed otherwise.  If Plaintiffs have any additional unprivileged documents which would tend to show Hartford Fire's knowledge of the issue of overtime pay concerning their own employees or other auto service representatives or unprivileged documents that could arguably be used to show Plaintiffs did not work overtime hours, Plaintiffs are ordered to produce those documents.  If there are documents which Plaintiffs believe are privileged,

Plaintiffs will submit a privilege log.  In this limited manner only, the Motion to Compel responses to Requests for Production Nos. 11 - 13 is granted.

Request for Production No. 14

      Request for Production No. 14 asks for all letters, memos, agreements or documents that Plaintiffs had received from the Defendant regarding compensation.  Plaintiffs object that Defendant has copies of all documents which Plaintiffs may have received from the Defendant in their possession.  Nevertheless, Plaintiffs Tinsley produced a copy of a check and letters received from Hartford Fire as a result of the DOL investigation.  Plaintiffs Hicks produced his W-2's. Plaintiffs Terrazas and Tinsley produced their pay stubs.  Defendant argues that this Request asks for relevant evidence regarding compensation.  To the extent the Plaintiffs have additional documents regarding compensation between Hartford Fire and the Plaintiffs, the Motion to Compel a response to Request for Production No. 14 is granted.

Request for Production No. 15

      Request for Production No. 15 asks for all documents that discuss the non-payment of overtime pay to ASR's employed by Hartford Fire.  Plaintiffs object that most documents requested are subject to the attorney-client privilege or the work-product privilege.  Plaintiffs submitted a privilege log to which Defendant has not objected.  Despite their objections, Plaintiffs submitted some documents - Plaintiff Lincoln's response to a memo and a narrative report from DOL regarding the classification of ASR's.  Defendant argues that such documents could show Hartford Fire's knowledge of the alleged overtime hours Plaintiffs were working which is relevant

to the issue of liquidated damages.  The Court agrees that such documents could be relevant or lead to the discovery of admissible evidence.  To the extent that such documents exist and are not subject to a privilege, the Motion to Compel a response to Request for Production No. 15 is granted.

Requests for Production Nos. 16 - 18

Request for Production No. 16 asks for any documentation that would support the assertion that Defendant lacked good faith in its pay practices regarding overtime pay for ASR's. Request for Production No. 17 asks for any documentation that would support the imposition of liquidated damages.  Request for Production No. 18 asks for any documentation that would support any assertion that Defendant willfully violated the Fair Labor Standards Act.  Plaintiffs object to all three Requests as asking for documents subject to the attorney-client privilege or the work product privilege.  Plaintiffs submitted a privilege log to which Defendant has not objected. Plaintiffs further object that these Requests ask for legal judgment of the Plaintiffs' attorney and do not describe the documents with sufficient particularity.  Without withdrawing their objections, Plaintiffs nevertheless submitted some documents in response to these Requests - the DOL investigative file and narrative report as well as the letters and a copy of the check Plaintiff Tinsley received from Hartford Fire.

Defendant argues that since one of the requested damages is liquidated damages all documents would be relevant.  The Court agrees with the Plaintiffs that production of the requested documents would require the exercise of legal judgment on the part of Plaintiffs' counsel and would be, as asserted by the Plaintiffs,  subject to the work product privilege.  The

Motion to Compel responses to the Requests for Production Nos. 16, 17 and 18 is denied.


Request for Production No. 20

      Request for Production No. 20 asks for documents describing the Plaintiffs' work duties while employed at Hartford Fire.  Plaintiff objects that the Defendant is in possession of any such documents.  Nevertheless, Plaintiffs produced the ASR Best Practices Manual in their possession. Defendant argues that such evidence is relevant to help determine what duties plaintiffs performed in each week   To the extent Plaintiffs may have additional documents such as a job description or documents outlining work duties, Plaintiffs are ordered to respond to the Request.  The Motion to Compel a response to the Request for Production No. 20 is granted.


Request for Production No. 21

      Request for Production No. 21 asks for all documents provided to other persons about the issue of overtime payment to Hartford Fire's ASR's.  Plaintiffs object that this Request asks for information that is subject to the attorney-client privilege.  Defendant argues that like Request for Production No. 11, communications made to managers would tend to show knowledge on the part of Hartford Fire that ASR's were working more than forty hours a week or could conversely be used as admissions against Plaintiffs.  Request for Production No. 11 encompasses all communications created, reviewed or received by the Plaintiffs about this issue.  Request for Production No. 21 asks for documents provided to any other person regarding Hartford Fire's ASR's and the issue of overtime pay.  Request for Production No. 21 is cumulative since it is highly improbable that Plaintiffs would provide documents to others which they had not received

or reviewed themselves.  The Court has already ordered the Plaintiffs to respond to the Request

for Production No. 11.  Therefore, the Motion to Compel a response to the Request for

Production No. 21 is denied.

<u>CONCLUSION</u>

The Court's Order is summarized as follows:

Motion to Compel an Answer to Interrogatory No. 2 - GRANTED

Motion to Compel an Answer to Interrogatory No. 4 - GRANTED

Motion to Compel a Response to Request for Production No. 10 - GRANTED

Motion to Compel an Answer to Interrogatory No. 5 - GRANTED

Motion to Compel a Response to Request for Production No. 23 - GRANTED

Motion to Compel an Answer to Interrogatory No. 9- GRANTED

Motion to Compel a Response to Request for Production No. 9 - GRANTED

Motion to Compel an Answer to Interrogatory No. 10 - GRANTED

Motion to Compel a Response to Request for Production No. 22 - GRANTED

Motion to Compel an Answer to Interrogatory No. 11 - GRANTED

Motion to Compel an Answer to Interrogatory No. 14 - MOOT

Motion to Compel a Response to Request for Production No. 3 - GRANTED

Motion to Compel a Response to Request for Production No. 4 - GRANTED

Motion to Compel a Response to Request for Production No. 7 - DENIED

Motion to Compel a Response to Request for Production No. 19 - DENIED

Motion to Compel a Response to Request for Production No. 11- GRANTED IN LIMITED MANNER

Motion to Compel a Response to Request for Production No. 12 - GRANTED IN LIMITED MANNER

Motion to Compel a Response to Request for Production No. 13- GRANTED IN LIMITED MANNER

Motion to Compel a Response to Request for Production No. 14 - GRANTED

Motion to Compel a Response to Request for Production No. 15 - GRANTED

Motion to Compel a Response to Request for Production No. 16 - DENIED

Motion to Compel a Response to Request for Production No. 17 - DENIED

Motion to Compel a Response to Request for Production No. 18 - DENIED

Motion to Compel a Response to Request for Production No. 20 - GRANTED

Motion to Compel a Response to Request for Production No. 21 - DENIED


_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE