IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS J. LINCOLN, Individually and on Behalf of
All Other Persons Similarly Situated,

      Plaintiff,

   -vs-                                                                                                 No. Civ. 02-0738 LH/ACT

HARTFORD FIRE INSURANCE COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Orders (1) Making a Preliminary Determination Concerning the Scope of the Potential Class, (2) Directing Defendant to Provide Plaintiff with the Names, Addresses and Social Security Numbers of All Putative Class Members and (3) Authorizing Plaintiff's Counsel to Advise Such Class Members of the Pendency of This Action and Their Opportunity to Participate in It [Plaintiff's Motion for Orders] (Docket No. 13), filed October 1, 2002; Defendant's Motion to Strike Consent Forms Filed on Behalf of Richard Terrazas, Robert Tinsley and Bobby Hicks and for Additional Remedial Measures Regarding Other Potential Plaintiffs Who May Have Received Inappropriate Notice of this Lawsuit [Defendant's Motion to Strike] (Docket No. 30), filed November 14, 2002; Plaintiff's Motion for Bifurcation (Docket No. 48), filed December 2, 2002; and Plaintiff's Motion To Supplement His Motion for Orders  (1) Making a Preliminary Determination Concerning the Scope of the Potential Class, (2) Directing Defendant to Provide Plaintiff with the Names, Addresses and Social Security Numbers

of All Putative Class Members and (3) Authorizing Plaintiff's Counsel to Advise Such Class Members of the Pendency of This Action and Their Opportunity to Participate in It [Plaintiff's Motion to Supplement] (Docket No. 55), filed January 16, 2003.  The Court, having considered the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully informed, finds that Plaintiff's Motion for Orders is well taken in part and will be **granted in part**, Defendant's Motion to Strike is well taken in part and will be **granted in part**, Plaintiff's Motion for Bifurcation is premature and will be **denied**, and Plaintiff's Motion to Supplement is mooted by the Court's ruling on his Motion for Orders and will be **denied**.

Plaintiff Thomas J. Lincoln was employed by Defendant Hartford Fire Insurance Company (Hartford Fire) as an Automobile Service Representative (ASR) between November 2000 and December 2001.  (Pl's. 2d Am. Collective Action Compl. ¶ 9.)  He brings suit under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, on his own behalf and that of all other persons who are or were employed by Hartford Fire in the United States as ASRs during the three years prior to filing of this action.  (*Id.* ¶ 1, 2.)  He claims that Defendant implemented and enforced a policy and practice of willfully failing to pay him and the putative class members overtime pay in violation of the FLSA.  (*Id.* ¶ 5.)

In his Motion for Orders, Plaintiff asks the Court to authorize notice of this lawsuit to current and former ASRs employed by Defendant.  Under the FLSA,

> An action to recover the liability [for unpaid overtime] may be maintained against any employer . . . in any Federal . . . court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves *and other employees similarly situated*.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b)(emphasis added).  As the Supreme Court held in *Hoffman-La Roche Inc. v. Sperling*, "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."  493 U.S. 165, 169 (1989)(addressing § 216(b), as incorporated by 29 U.S.C. § 626(b) in an Age Discrimination in Employment Act action).  Thus, the congressional policy that FLSA plaintiffs "should have the opportunity to proceed collectively," necessarily grants the Court "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions the Federal Rules of Civil Procedure."  *Id.* at 170.  This oversight includes the Court's "involvement in the notice process." *Id.* at 171.

The overriding question for the Court in deciding whether to allow an opt-in class action under the FLSA is whether Plaintiff Lincoln and the putative plaintiffs are "similarly situated for purposes of § 216(b)."  *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (discussing class action under the ADEA, "which expressly borrows the opt-in class action mechanism of the [FLSA]").  The Tenth Circuit has adopted a two-prong *ad hoc* case-by-case approach in making this determination:

> In utilizing this approach a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997).  In doing so a court "'requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (quoting *Bayles* [*v. Am. Med. Response of Colo., Inc.*], 950 F. Supp. [1053,] 1066 [D. Colo. 1966]).  At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of "similarly situated."  *Id.* at 678.  During this "second stage" analysis, a court reviews several factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations."

*Thiessen*, 267 F.3d at 1102-03, 1105 (omitting fourth and final factor, which addresses administrative procedures required by the ADEA).  In arriving at its decision of whether to certify the collective action, either conditionally at the initial stage or under the stricter subsequent analysis following discovery, the Court must avoid focusing on the merits of the underlying action.  *See id.* at 1107 (citing *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988)(parenthetical)).

      Given the lenient standard applied at the initial notice stage, the Court finds that Plaintiff clearly has met his burden of setting forth sufficient allegations that the putative class members were victims of a single decision, policy, or plan implemented by Defendant.  Therefore, Plaintiff's Motion will be granted as to conditional certification of the class, subject, of course, to a possible motion to decertify by Defendant following further development of the facts of this case through discovery.  The Court also will grant the Motion to the extent it requests the names and addresses of individuals employed by Hartford Fire as ASRs during the period relevant to this collective action. *See Sperling*, 493 U.S. at 170 ("The District Court was correct to permit discovery of the names and addresses of the . . . employees.").  It will not, however, grant the Motion as to disclosure of these individuals' social security numbers.  Finally, the Court directs the Parties to consult in good faith on the content of the Notice of Collective Action Lawsuit Seeking Overtime Pay and the Notice of Consent to accompany it.  Drafts of these documents should be submitted to the Court no later than two weeks from entry of this Memorandum Opinion and Order.  The Court fully expects the Parties to be able to agree on these documents, but in the unlikely event that they do not, the agreed upon portions of the Notices and briefs of no more than five (5) pages setting forth the Party's position on the contested parts, will be submitted by the aforementioned date.

Given the ruling on Plaintiff's Motion for Orders, the Court finds it unnecessary to address Plaintiff's Motion to Supplement and it will be denied as moot. The Court does note, however, that the Department of Labor investigative report that was the subject of the Motion was not attached to Plaintiff's proposed supplemental brief.

In his Motion for Bifurcation, Plaintiff asks the Court to bifurcate the liability and damages issues of this case at both the discovery and trial stages. Defendant objects, in part on grounds that the Motion is premature. The Court agrees, at least to the extent that the actual plaintiffs who will comprise the conditionally certified class have yet to be determined. This makes any determination of potential convenience, prejudice, expediency, and economy problematic, at best. *See* FED. R. CIV. P. 42(b). Therefore, Plaintiff's Motion will be denied, with leave for Plaintiff to so move again, if deemed necessary, after the time for putative plaintiffs to opt-in has passed..

Finally, without addressing the merits of Defendant's Motion to Strike, the Court will grant it to the extent that the Court-approved Notices will be sent to Richard Terrazas, Robert Tinsley, and Bobby Hicks. If these individuals desire to remain in this action they will have to so indicate by submitting the Notice of Consent within the appropriate time period.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Orders (1) Making a Preliminary Determination Concerning the Scope of the Potential Class, (2) Directing Defendant to Provide Plaintiff with the Names, Addresses and Social Security Numbers of All Putative Class Members and (3) Authorizing Plaintiff's Counsel to Advise Such Class Members of the Pendency of This Action and Their Opportunity to Participate in It (Docket No. 13), filed October 1, 2002, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Consent Forms Filed on Behalf of Richard Terrazas, Robert Tinsley and Bobby Hicks and for Additional Remedial Measures Regarding Other Potential Plaintiffs Who May Have Received Inappropriate Notice of this Lawsuit (Docket No. 30), filed November 14, 2002, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Bifurcation (Docket No. 48), filed December 2, 2002, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Supplement His Motion for Orders (1) Making a Preliminary Determination Concerning the Scope of the Potential Class, (2) Directing Defendant to Provide Plaintiff with the Names, Addresses and Social Security Numbers of All Putative Class Members and (3) Authorizing Plaintiff's Counsel to Advise Such Class Members of the Pendency of This Action and Their Opportunity to Participate in It (Docket No. 55), filed January 16, 2003, is **DENIED AS MOOT**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**